**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

BRANDON TYLER SHEETS                                                              PLAINTIFF
ADC # 652781

v.                                          4:15CV00150-BRW-JJV

ROGER TROXEL, Doctor, White
County Detention Facility; *et al.*                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy

Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not

offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.    INTRODUCTION

Brandon Tyler Sheets ("Plaintiff") brought this action alleging Defendants Roger Troxel and Clayton Edwards denied him Diazepam and Ultram - medications to treat his panic attacks and shoulder pain.  (Doc. No. 1 at 3-4.)  Now, both Defendants have motioned for summary judgment. (Doc. Nos. 57, 61.)  Plaintiff has not responded and the deadline for doing so has passed.

## II.    SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or

fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.   ANALYSIS

Defendant Edwards argues: (1) Plaintiff's official capacity claims fail because he has failed to allege that any policy of White County violated his rights; (2) he is entitled to qualified immunity; and (3) Plaintiff will be unable to prove Edwards was deliberately indifferent to his needs.  Defendant Troxel argues Plaintiff's medical care was appropriate and his claims for deliberate indifference fail as a matter of law. After review of the pleadings and, for the reasons stated below, I find Defendants are entitled to summary judgment.

### A.   Defendant Edwards

#### 1.   Official Capacity Claims

Plaintiff's official capacity claims against Defendant Edwards are essentially claims against White County.  *See Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998).  White County  may only be held liable under section 1983 if the alleged deprivation suffered by Plaintiff  was the result of some policy or custom  implemented by the county.  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  Plaintiff's Complaint makes no reference to any county policy or custom which violated or contributed to a violation of his rights.  Accordingly, his official capacity claims against Defendant Edwards should be dismissed.

2.      Qualified Immunity[1]

Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law, not a question of fact.  *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005).  Thus, issues concerning qualified immunity are appropriately resolved on summary judgment.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2]  Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative.  *Nelson v. Correctional Medical Services*, 583 F.3d 522,

---

[1]As noted above, Defendant Edwards raises a separate argument that Plaintiff's deliberate indifference claims fail as a matter of law.  Analysis of that argument overlaps with a discussion of qualified immunity, and I elect to evaluate immunity first because "[q]ualified immunity is immunity from suit rather than a mere defense to liability, and therefore, immunity issues should be resolved at the earliest possible  stage of the litigation."  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

528 (8th Cir. 2009).

Plaintiff brought this action alleging Defendant Edwards acted with deliberate indifference by denying him medication to control his panic attacks and shoulder pain. (Doc. No. 1 at 3-4.)  In his Motion, Defendant Edwards argues that, as jail administrator, he performs no medical functions at the White County Detention Center and has no responsibility for determining which, if any, medication a detainee receives.[3]  (Doc. No. 59-1 ¶¶ 5-7.)  Rather, those determinations are within the purview of the medical staff.  (*Id*. ¶¶ 6-8.)  Plaintiff, by failing to respond, has offered no evidence to contradict these assertions.  I, therefore, find Defendant Edwards is entitled to qualified immunity.  *See Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (holding that, where defendants lacked medical expertise, they could not be held liable for medical staff's diagnostic decisions.).

B.    **Defendant Troxel**

Dr. Troxel argues the record, as it stands, entitles him to summary judgment on Plaintiff's deliberate indifference claims.  I agree.  Plaintiff was booked into the White County Detention Facility on February 24, 2015. (Doc. No. 61-1 at 3.)  At that time, Plaintiff had four medications on active prescription - Sertraline HCL, Gabapentin, Ziprasidone, and Benztropine.  (*Id*. at 5.)  Dr. Troxel signed the form and approved these medications. (*Id*.)  Plaintiff submitted a request for Diazepam on March 14, 2015, and he was examined by Dr. Troxel on March 20, 2015.  (*Id*. at 23-25.)  Dr. Troxel ultimately prescribed Celexin and Gabapentin for Plaintiff's panic attacks, declining to prescribe Diazepam because there was no "clear clinical indication for it." (Doc. No. 61-2 ¶ 5.)

---

[3]I note that in a response to Plaintiff's request, "B. McCollum" advised Diazepam was not allowed in White County Detention Facility.  (Doc. No. 61-1 at 23.)  It is unclear if Defendant Edwards authorized this response.  Regardless, Plaintiff was not prescribed Diazepam by facility medical staff, so the point is moot.

Dr. Troxel may be held liable only if he was deliberately indifferent to Plaintiff's medical needs.  Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain").  "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).  However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

The United States Court of Appeals for the Eighth Circuit has explained:

> Prison doctors and guards violate the Eighth Amendment when they act with 'deliberate indifference to [an inmate's] serious medical needs.' 'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Likewise, an inmate's 'mere disagreement with the course of his medical treatment' fails to state a claim of deliberate indifference.

*Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (citations omitted).

Here, the record shows Dr. Troxel took Plaintiff's complaints about anxiety and panic attacks seriously.  He was evaluated for this condition and medication was prescribed. (Doc. No. 61-2 ¶ 7.) That it was not the specific drug Plaintiff desired is insufficient to give rise to a viable claim for deliberate indifference. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (holding "mere disagreement with treatment decisions does not rise to the level of a constitutional violation.").  Additionally, Plaintiff has not provided any evidence that the failure to

specifically prescribe Diazepam,[4] rather than some other anxiety medication, injured his health in any way.

Plaintiff's second allegation – that Dr. Troxel was deliberately indifferent by denying him the medication Ultram – will also be dismissed.  As noted above, Ultram was not an active prescription for Plaintiff at the time he was booked into the White County Detention Facility.  (Doc. No. 61-1 at 5.)  In fact, Plaintiff's medical records lists 'Ultram abuse' as one of his chronic medical issues.  (*Id*. at 2.)

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     Defendant Clayton Edwards' Motion for Summary Judgment (Doc. No. 57) and Defendant Roger Troxel's Motion for Summary Judgment (Doc. No. 61) be GRANTED.

2.     Plaintiff's Complaint (Doc. No. 1) be DISMISSED with prejudice.

3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

4.     Any pending motions be denied as moot.

Dated this 19th day of January, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[4]I note, despite Plaintiff's allegations he had been prescribed Diazepam at the time he was booked into the White County Detention Facility, Dr. Troxel concluded he had not been on the medication for at least a year. (Doc. No. 61-2 ¶ 3.)